AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>PEDRO FRANCISCO MALDONADO-LARA,<br>_Defendant(s)_ | ) ) ) ) ) ) ) | Case No. 12-8484-WM |

FILED by _____ D.C.

DEC 1 3 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 10, 2012__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, U.S.C., Section 1326(a) | an alien, having been previously removed from the United States on or about October 25, 2008, was found to be in the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557) having expressly consented to such alien reapplying for admission to the United States, in violation of Title 8, United States Code, Section 1326(a). |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Deportation Officer Andy Korzen, ICE
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 12-13-2012

_____
Judge's signature

City and state: ____West Palm Beach, Florida____    William Matthewman, Magistrate Judge
_Printed name and title_

## UNITED STATES v. PEDRO FRANCISCO MALDONADO-LARA
## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed for over nine years. I am currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Pedro Francisco MALDONADO-LARA committed the offense of illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a).

3. On or about December 10, 2012, Pedro Francisco MALDONADO-LARA was arrested in Palm Beach County, Florida for failure to appear. He was booked and detained at the Palm Beach County Jail. Upon booking, his fingerprints were entered into the IAFIS system with a positive match for an individual previously removed from United States under alien number A089 834 761.

4. On or about December 11, 2012, your affiant received copies from the immigration alien file bearing control number A089 834 761 corresponding to Pedro Francisco MALDONADO-LARA. Records within this alien file assigned to Pedro Francisco MALDONADO-LARA show that he is a native and citizen of Mexico.

1

Records further show that on or about October 24, 2008, Pedro Francisco MALDONADO-LARA was ordered removed from the United States. The Order of Removal was executed on or about October 25, 2008, whereby Pedro Francisco MALDONADO-LARA was removed from the United States to Mexico.

5. On or about December 12, 2012, at the Palm Beach County Jail, Immigration Enforcement Agent Efrain Cruz took a sworn statement from Pedro Francisco MALDONADO-LARA. Post-*Miranda,* Pedro Francisco MALDONADO-LARA admitted to being a citizen of Mexico. He further admitted to being deported from the United States. Pedro Francisco MALDONADO-LARA also admitted that he did not seek permission from the U.S. government to re-enter the United States.

6. Martin County Sheriff's Office Latent Print Examiner Diane Crowther conducted fingerprint comparison in this case. The fingerprint comparison confirmed that the individual encountered on December 10, 2012, that is, Pedro Francisco MALDONADO-LARA, was the same person previously removed from the United States on or about October 25, 2008.

7. Your affiant performed a record check in the Computer Linked Application Informational Management System (CLAIMS) to determine if Pedro Francisco MALDONADO-LARA filed an application for permission to reapply for admission into the United States after deportation or removal. After a diligent search was performed in that database system, no record was found to exist indicating that Pedro Francisco MALDONADO-LARA obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the

2

United States as required by law. A Certificate of Non-Existence of Record has been requested from Bureau of Citizenship and Immigration Services.

8. Based on the foregoing, your affiant avers that there exists probable cause to believe that, on or about December 10, 2012, Pedro Francisco MALDONADO-LARA, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me
this 13th day of December, 2012.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE